UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NEIL M. JOHNSON,

      Plaintiff,

v.

COMFORT RESIDENTIAL PARTNERS, LLC, et al.,

      Defendants.

3:10-CV-0731-LRH-RAM

ORDER

Before the court is defendants Comfort Residential Holdings, Inc.; Praegitzer Holdings, Inc.; Sharon Praegitzer; Martin Hudler; Charles Markley; Jeff Richards; William Thale; Matt Bergeron; and Dave Stromquist's (collectively "defendants") motion to dismiss for lack of subject matter jurisdiction. Doc. #17.[1] Plaintiff Neil M. Johnson ("Johnson") filed an opposition (Doc. #24) to which defendants replied (Doc. #29).

Also before the court are Johnson's motion for entry of default judgment (Doc. #25) and motion to compel final judgment in the underlying state court action (Doc. #33).

## I.    Facts and Procedural History

Johnson purchased real property developed and sold by defendant Comfort Residential Partners, LLC. On December 2, 2010, Johnson filed a construction defect complaint against

---

[1] Refers to the court's docket number.

defendants in federal court. Doc. #4. Subsequently, defendants filed the present motion to dismiss for lack of subject matter. Doc. #17.

## II.     Discussion

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, defendants both facially and factually challenge the causes of action and allegations in Johnson's complaint and argue that they are insufficient to invoke federal subject matter jurisdiction.

### A. Federal Question Jurisdiction

An action may be brought in federal court if the action arises under federal law. 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a

2

substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Here, the court finds that Johnson's complaint alleges state law causes of action. *See* Doc. #4. All of the allegations in the complaint relate to various construction defects in the property and his causes of action arise under Nevada Revised Statute Chapter 40. Although Johnson refers to this action as a civil rights action under 42 U.S.C. § 1983 and cites various federal laws, not one of Johnson's causes of action or claims for relief are rooted in federal law. Neither do his claims for construction defects rise to the level of presenting a federal question. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312 (2005) (federal question jurisdiction will lie over state law claims that implicate significant federal issues). Accordingly, the court cannot exercise federal question jurisdiction over Johnson's complaint.

**B. Diversity Jurisdiction**

A federal district court has jurisdiction over any civil action in which the amount in controversy exceeds $75,000 and there is complete diversity between the parties. 28 U.S.C. § 1332(a)(1).

Here, Johnson's complaint alleges that he is a citizen of the state of Nevada. *See* Doc. #4. Further, the complaint alleges that defendants Comfort Residential Holdings, Inc.; Praegitzer Holdings, Inc.; Sharon Praegitzer; Martin Hudler; Jeff Richards; and Dave Stromquist are citizens of the state of Nevada. *Id*. Thus, there is no complete diversity between the parties and the court cannot exercise diversity jurisdiction in this matter. Accordingly, the court shall grant moving defendants' motion to dismiss for lack of subject matter jurisdiction and dismiss Johnson's complaint in its entirety.

Additionally, because the court is without jurisdiction to hear this matter, the court shall deny all pending motions.

///

3

1    IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #17) is
2 GRANTED.
3    IT IS FURTHER ORDERED that plaintiff's motion for entry of default judgment
4 (Doc. #25) and motion to compel final judgment in the underlying state court action (Doc. #33) are
5 DENIED.
6    IT IS SO ORDERED.
7    DATED this 14th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE